IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAYETANO MORENO-VALLES,<br><br>　　　Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>　　　Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:04-CV-730 TS<br><br>Criminal Case No. 2:02-CR-567 TS |

　　　Petitioner Cayetano Moreno-Valles brings a Motion to Vacate or Correct Sentence, pursuant to 28 U.S.C. § 2255.  Petitioner is proceeding *pro se* in this matter.  Briefing and supplemental briefing in this case are now completed, and the Court is prepared to rule.  The Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255, and denies the Motion.

1

On September 27, 2000, Petitioner was charged in a one-count Indictment with Illegal Re-entry of a Deported Alien, in violation of 18 U.S.C. § 1326, in the underlying criminal case.[1] A Superseding Indictment was filed on June 6, 2001.  Petitioner proceeded to trial on June 21, 2001, and was found guilty as charged by a jury on that date.  After a psychiatric exam was completed, the Court sentenced Petitioner on December 6, 2001, to 77 months incarceration.  Petitioner filed a Notice of Appeal that same day, and judgment was entered on December 10, 2001.  On July 9, 2003, the Tenth Circuit issued a Mandate affirming the judgment of the Court.  The instant Motion[2] was filed August 9, 2004.  Supplemental briefing was completed on December 16, 2005.

DISCUSSION

In his Motion, Petitioner argues his sentence should be vacated based upon two legal theories: 1) that Petitioner's trial counsel's representation was "constitutionally ineffective for allowing a defective transcript to become the trial record after being told it misidentified the defendant as present at a deportation proceeding,"[3] and 2) the sixteen-level enhancement to Petitioner's sentence is "both procedurally and substantively void in light of" the Supreme Court's holding in *Blakely v. Washington*[4] and, by extension, *United States v. Booker*.[5]  The

---

[1] Case No. 2:00-CR-455 TS.

[2] Docket No. 1 in Case No. 2:04-CV-730-TS.

[3] Motion, Docket No. 1 in Case No. 2:04-CV-730 TS, at 4.

[4] 540 U.S. 965 (2004).

[5] 125 S.Ct. 738 (2005).

underlying thrust of Petitioner's first argument is a legal attack on the prior deportation itself. The Court will address each issue, in turn.

### I. STATUTE OF LIMITATIONS

The Court makes the initial finding that Petitioner's § 2255 Motion was timely filed. The Tenth Circuit affirmed this Court's judgment on July 9, 2003. Allowing for the 30-day time period following the filing of the Mandate in which Petitioner might file a Writ of Certiorari with the Supreme Court, and as the government concedes, the instant § 2255 Motion was timely filed, pursuant to the limitations period set by 28 U.S.C. § 2255(1).

### II. ISSUES RAISED FOR THE FIRST TIME ON COLLATERAL APPEAL

The Supreme Court has ruled that, because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[6] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[7] Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[8]

---

[6] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[7] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[8] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982) (A defendant can overcome this bar only by showing cause for the procedural default and actual prejudice resulting from the alleged sentencing error).

Here, Defendant did pursue a direct appeal with the Tenth Circuit.[9] However, the issue of the § 1326 elements being satisfied or the validity of the jury verdict were not raised. Rather, only sentencing issues were raised. In the Tenth Circuit Mandate, filed July 9, 2003,[10] the appeals court noted the following as background to the case:

> Moreno indicated to the court that his primary defense at trial would be that he had never been legally deported from the United States. However, prior to trial, the district court ruled that Moreno could not collaterally attack the legality of his prior deportations and ordered that evidence regarding the validity of his several prior deportations would not be admitted at trial.[11]

The Tenth Circuit also noted that the presentence report and the Court's ruling in Petitioner's favor at sentencing both acknowledged that Defendant contests that he was ever legally deported.[12] However, Petitioner did not raise this issue on direct appeal. The only issue before the Tenth Circuit on direct appeal was a sentencing issue, specifically, the credit given to Defendant by the Court for acceptance of responsibility, despite the fact that he proceeded to trial and was found guilty by a jury. The Tenth Circuit affirmed the Judgment of this Court on that issue.[13]

---

[9] Petitioner filed his Notice of Appeal in the underlying criminal case, Case. No. 2:00-CR-455-TS, on December 6, 2001 (Docket No. 116).

[10] Docket No. 132 in Case No. 2:00-CR-455-TS.

[11] *Id.* at 2.

[12] *Id.* at 3, 4.

[13] *Id.* at 6-7.

Therefore, because the issue presented in the instant § 2255 Motion was not raised on direct appeal, it is procedurally barred, and can only be considered by the Court if the *Frady* factors set forth above are satisfied.

### III. CAUSE AND PREJUDICE

Cause sufficient to excuse a procedural bar may be established if a petitioner can show his default was caused by "something external to the petitioner, something that cannot be fairly attributed to him."[14]  A petitioner may establish cause for the procedural default by showing that he received ineffective assistance of counsel.[15]  To be granted relief from the procedural bar under this analysis, a petitioner must establish both cause *and* prejudice.  Therefore, even if Petitioner argues that he was prejudiced, he must also argue that sufficient cause existed in order for the Court to peer past the procedural bar.  Here, Petitioner raises a claim of ineffective assistance of counsel.

### A. Ineffective Assistance of Counsel.

The Supreme Court, in *Strickland v. Washington*,[16] has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.

> To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective

---

[14] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  *See also, Murray v. Carrier*, 477 U.S. 478 (1986) ("Cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising a claim.").

[15] *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

[16] *Strickland v. Washington*, 466 U.S. 668 (1984).

>standard of reasonableness, and that counsel's deficient performance was prejudicial.[17]

To successfully claim ineffective assistance, then, Petitioner must show two things: First, that his counsel functioned deficiently.[18] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[19] Second, he must show that counsel's deficient functioning prejudiced Petitioner's defense.[20] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[21] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[22]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he rendered his legal services, not in hindsight.[23] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but

---

[17] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at 687, 690).

[18] *Strickland*, 466 U.S. at 687.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir.1998).

only what is constitutionally compelled.[24]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[25]

Petitioner's ineffective assistance claims arise from his contention that his stand-by trial counsel, Gregory Stevens, allowed "a defective transcript to become the trial record after being told it misidentified the defendant as present at a deportation proceeding."[26]  In the underlying criminal case, Petitioner continually insisted, and received permission, to represent himself *pro se* at trial.[27]  The Court ordered that Petitioner have the support of stand-by counsel, Gregory Stevens.[28]  To the extent that Petitioner raises an ineffective assistance claim against stand-by counsel Stevens regarding the "defective transcript," the Court addresses that argument herein.

The Court notes that in his supporting brief, Petitioner also discusses an attorney he dealt with in connection with his deportation proceeding in Colorado, Laura Korking.  However, to the extent he attempts to make an ineffective assistance claim against Ms. Korking, such an argument is not properly before the Court, as it does not go to his Sixth Amendment right to effective legal representation in the trial and conviction before the Court.  Petitioner's claims of

---

[24] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[25] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[26] Motion, Docket No. 1 in Case No. 2:04-CV-730 TS, at 4.

[27] Docket No. 67, minute entry from a hearing held on May 30, 2001.

[28] Petitioner makes no allegation of ineffective assistance of counsel on appeal.

ineffective assistance of counsel stem from Mr. Stevens' allowing the "defective transcript" to become part of the trial record, and the Court limits its analysis to the conduct of Mr. Stevens.

In the underlying criminal case, it is clear that Mr. Stevens provided effective assistance to Petitioner during the pendency of the underlying criminal case.  As noted above, the thrust of Petitioner's arguments in the instant Motion is an attack on the prior deportation order.  That precise issue was addressed by Mr. Stevens in advance of the trial.  The government filed a Motion in Limine[29] seeking to preclude Petitioner from collaterally attacking his deportation order at trial.  Not only did Mr. Stevens fully respond to the government's Motion, but he also filed a Motion to Dismiss the Indictment[30] on the same grounds.  The Court ruled in favor of the government squarely on the merits of the issue.  There was no failure on the part of Mr. Stevens to raise the issue, nor was there a constitutional deficiency in Mr. Stevens "allowing" the allegedly "defective transcript" into the record.  Further, the Court ruled in its June 1, 2001 Order Granting Government's Motion in Limine and Denying Defendant's Motion to Dismiss,[31] that the transcript settled the issue, so Mr. Stevens' alleged "failure" is without legal support.

In sum, Petitioner has presented nothing to satisfy his burden of proof that he was denied the counsel anticipated by the Sixth Amendment.  Petitioner has failed to establish deficient representation or prejudice to amount to ineffective assistance of counsel.  Therefore, the Court

---

[29] Docket No. 49 in Case No. 2:00-CR-455-TS.

[30] Docket No. 51 in Case No. 2:00-CR-455-TS.

[31] Docket No. 71 in Case No. 2:00-CR-455-TS at 2.

finds that stand-by trial counsel did not provide ineffective assistance, and Petitioner's claims lack merit.

Having found that there was no violation of Petitioner's right to effective assistance of counsel, the Court further finds that Petitioner has not established cause or prejudice under *Frady*[32] which would excuse the procedural default. Therefore, Petitioner's claims are barred.

IV.   FUNDAMENTAL MISCARRIAGE OF JUSTICE

In order to establish a "fundamental miscarriage of justice," Petitioner must make a colorable showing of innocence.[33] Here, Petitioner argues that he was not properly convicted under § 1326 or, more specifically, that the government could not properly prevail on the second prong – that Petitioner was previously deported.

However, even if the Court were to peer beyond the procedural bar present in this case, the Court finds, as it found prior to the trial in the underlying criminal matter,[34] that Petitioner has not met the statutory requirements to mount a collateral attack.

As noted in this Court's June 1, 2001 Order,[35] 18 U.S.C. § 1326(d), a collateral attack can only be made after the following requirements are met:

> (d) Limitation on collateral attack on underlying deportation order
> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order . . . unless the alien demonstrates that –

---

[32] 456 U.S. at 167-68.

[33] *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

[34] Docket No. 71 in Case No. 2:00-CR-455-TS.

[35] *Id.*

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; *and*
> (3) the entry of the order was fundamentally unfair.[36]

In its June 1, 2001 Order, this Court specifically found that "Defendant has failed to provide evidence that he exhausted his administrative remedies, was denied an opportunity for judicial review, or that the entry of the deportation order was unfair."[37] The Court further made the finding that the transcript of the deportation proceeding established a waiver by Defendant.[38]

In the context of this § 2255 Motion, Petitioner argues at length that he was deprived of judicial review of the deportation order, and that the entry of the order was fundamentally unfair. However, even so, Petitioner has simply not argued or established that he "exhausted any administrative remedies[39] that may have been available to seek relief against the order."[40] The clear language of the statute requires that all three circumstances be established in order to warrant a challenge to the validity of the deportation order.

---

[36] 18 U.S.C. § 1326(d) (emphasis added).

[37] Docket No. 71 in Case No. 2:00-CR-455-TS at 2.

[38] *Id.*

[39] The Second Circuit case of *United States v. Copeland*, instructs that even an untimely motion to reopen or reconsider an administrative deportation order may qualify as an exhaustion of administrative remedies. 376 F.3d 61, 67 n.4 (2nd Cir. 2004). Here, Petitioner did no such thing.

[40] 18 U.S.C. § 1326(d)(1).

Therefore, the Court stands by its June 1, 2001 Order, and the revisiting of this issue on collateral appeal is neither procedurally appropriate nor substantively meritorious. Petitioner's attack on the prior deportation order should have been with the immigration court which issued the order. Given the Court's findings herein, the Court further finds no miscarriage of justice in this case which would remove the *Frady* procedural bar.

V.     *BLAKELY* ISSUES

Petitioner argues that the 16-level enhancement assessed to him "is both procedurally and substantively void in light of"[41] *Blakely v. Washington*[42] and, by extension, *United States v. Booker*.[43] Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal. However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable in light of the circumstances presented in this case as they relate to the statutory factors set forth in 18 U.S.C. § 3553(a). The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on

---

[41] Motion, Docket No. 1, at 4.

[42] 540 U.S. 965 (2004).

[43] 125 S.Ct. 738 (2005).

collateral review unless the Supreme Court holds it to be retroactive."[44]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[45]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[46]  The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[47]  Because Petitioner's conviction was clearly final by June 24, 2004,[48] the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED; it is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

---

[44] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[45] 125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[46] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[47] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

[48] The Mandate affirming this Court on Petitioner's direct appeal was filed in Case No. 2:00-CR-455 TS on July 9, 2003 (Docket No. 132).

SO ORDERED.

DATED this 8th day of February, 2006.

                    BY THE COURT:

                    _____
                    TED STEWART
                    United States District Judge