IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CAYETANO MORENO-VALLES,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY<br><br><br><br><br>Case No. 2:04-CV-730 TS |

On August 9, 2004, Petitioner filed a Motion to Vacate or Correct Sentence, pursuant to 28 U.S.C. § 2255.[1]  After initial and supplemental briefing was completed, the Court denied Petitioner's § 2255 Motion on February 8, 2006.[2]  Petitioner filed a Notice of Appeal on April 24, 2006,[3] and now seeks a Certificate of Appealability ("COA").[4]  For the reasons discussed below, the Court will deny Petitioner's Motion.

---

[1] Docket No. 1.

[2] Docket No. 13.

[3] Docket No. 14.

[4] Docket No. 16.

1

A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right."[5] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[6] "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."[7] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[8] While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part.[9]

Petitioner has applied for a COA on the following issues: 1) whether the district court has sanctioned an erroneous finding of fact in order to deny this Petition; and 2) whether the district court's non-retroactivity basis for denial of Mr. Moreno's 16-point enhancement argument is a constitutionally impermissible over-simplification of the issue.[10] Petitioner also otherwise tracks and responds to the Court's February 8, 2006 Order.

---

[5] 28 U.S.C. § 2253(c)(2).

[6] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

[7] *Id*. at 336.

[8] *Id*.

[9] *Id*. at 338.

[10] Docket No. 16 at 3.

The Court discussed these issues in its February 8, 2006 Order.[11]  Petitioner's Application for Certificate of Appealability merely rehashes the issues the Court addressed at length in resolving Petitioner's § 2255 Motion.  The Court finds that Petitioner has failed to make any showing of the denial of a constitutional right and Petitioner has failed to show that jurists of reason could disagree with the Court's resolution of Petitioner's § 2255 Motion.

It is therefore

ORDERED that Petitioner's Application for Certificate of Appealability (Docket No. 16) is DENIED.

DATED   April 26, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] Docket No. 13.